UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  4:23 MJ 7290 SPM ) |
| DEONTAE' TRE'VON OVERALL, | ) ) |
| Defendant. | ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Lisa M. Yemm, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

**Presumption of Detention**

1. The defendant is charged with an offense for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1).  *See* 18 U.S.C. § 3142(e)(3)(A) and (f)(1)(C).

2. The charge triggers a rebuttable presumption of detention pursuant to Title 18, United States Code, Sections 3142(e)(3)(A).  For the reasons described herein, there are no

1

conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

### The Nature and Circumstances of the Offense

3. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or involves a controlled substance or a firearm. This defendant is charged with the distribution of one or more controlled substances, believed to be fentanyl and methamphetamine. Furthermore, as described in the affidavit the defendant is believed have sold pressed fentanyl "M 30" pills resembling Percocet in December of 2022, which resulted in the death of victim A.M. Also as described in the affidavit, defendant has continued to sell controlled substances, including these pills, to confidential informants and undercover officer, all while on bond for pending felonies in the City of St. Louis.  Furthermore, when a search warrant was executed at defendant's residence, more evidence of drug distribution, as well as ammunition, was recovered. The first of the § 3142(g) factors weighs heavily in favor of detention.

### The Weight of the Evidence Against the Defendant

4. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant.  The government submits that the evidence against the defendant is strong.

5. Much of the evidence against the defendant is outlined in detail in the sworn Complaint Affidavit which is incorporated herein by reference. Defendant's GPS puts him at the time and location of the sale which resulted in the overdose of victim A.M.  Defendant is on video selling drugs to a confidential information and an uncover officer.  Defendant also confessed. Considerable physical evidence was likewise located at the apartment out which defendant was conducting drug operations.

**The History and Characteristics of the Defendant**

6.      Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

7.      Defendant is currently charged in Missouri State Case 2222-CR01019-01 with Burglary 2nd Degree and Unlawful Use of a Weapon, Exhibiting.  At the time he committed the crimes described in the affidavit, he was on bond for these offenses.  According to the sworn affidavit in that case, defendant threatened the victim with an AR-style firearm and proceeded to break into the victim's apartment and remove a television from the apartment.  Police observed extensive damage to the apartment door and shortly thereafter located and arrested the defendant and seized the AR-style firearm.

8.      The defendant's past conduct weighs against release to ensure the safety of the community.

**The Nature and Seriousness of the Danger to the Community**

9.      The nature and seriousness of the danger to the community is great.  The defendant's continued distribution of deadly fentanyl puts the community at risk. There is at least one overdose death attributable to defendant.

10.     The safety of the community would clearly be at risk were the defendant to be released on bond.  *See* 18 U.S.C. § 3142(g)(4).

**Risk of Flight**

11.     The defendant has a history of failing to comply with conditions of release and court orders, as he continued to commit crimes while under indictment and while on bond – and specifically while on GPS monitoring.

**Conclusion**

12.     The government submits that when considering all the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention.  There is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  Additionally, there is a preponderance of evidence that no condition or combination of conditions will reasonably assure the defendant's appearance in court.


Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Lisa M. Yemm*
LISA M. YEMM, #64601MO
Assistant United States Attorney